UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENT DOE, | No. 2:25-cv-01103-DAD-AC |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANTS' REQUEST TO SEAL WITHOUT PREJUDICE |
| KRISTI NOEM, et al., | (Doc. No. 15) |
| Defendants. | |

This matter is before the court on defendants' request to seal documents. (Doc. No. 15.) In its request, defendants seek to file under seal: "[A] Stipulation re Re-Activation of SEVIS Record and Dismissal and Proposed Order, and Request to Seal, filed with the Court in connection with the civil case of the above named plaintiff and defendants." (*Id.* at 1.) Defendants represent that the request to seal is being made at plaintiff's request. (*Id.*) For the reasons below, the court will deny defendants' request to seal without prejudice.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*,

1

447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[1]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions, such as a motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

1     "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Finally, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

The request to seal at issue was filed in relation to a stipulation for dismissal. Stipulations for dismissal are dispositive and therefore requests to seal such stipulations are governed by the "compelling reasons" standard. *See Robinson v. Universal Health Servs.*, No. 2:19-cv-01530-RFB-BNW, 2023 WL 1767750, at *1 (D. Nev. Jan. 12, 2023) (treating a stipulation to dismiss as a dispositive motion and applying the compelling reasons standard to a request to seal that stipulation) (citing *Ctr. for Auto Safety*, 809 F.3d at 1099); *Clark v. InComm Fin. Servs.*, No. 22-cv-01839-JGB-SHK, 2024 WL 4744041, at *2 (C.D. Cal. Sept. 13, 2024) (applying compelling reasons standard to request to seal dismissal stipulations).

As noted, in their notice of request to seal, defendants state as follows:

> This request to seal is being made at the plaintiff's request, and in accordance with the Court's April 17, 2025 Protective Order (ECF 13) and Local Rule 141.1(e).

(Doc. No. 15 at 1.) Defendants suggest that, because the protective order entered on April 17, 2025 covers some material within the proposed stipulation to dismiss, the entire stipulation should be sealed. The court notes that it previously determined that there exists "compelling reasons to require filing under seal of any information identifying plaintiff." (Doc. No. 13 at 6.) "However, requests to seal must be narrowly tailored—a party may not seek to seal an entire document where redaction would suffice." *Rebecca Bamberger Works, LLC v. Bamberger*, No. 24-cv-00706-JLS-DDL, 2024 WL 1898479, at *6 (S.D. Cal. Apr. 30, 2024); *see also Yates v. Cheeseburger Restaurants, Inc.*, No. 2:22-cv-01081-DAD-DB, 2023 WL 4747431, at *3 (E.D.

3

Cal. July 25, 2023) (collecting cases and finding that blanket sealing of an entire document where only certain portions are subject to sealing is generally inappropriate). Defendants have not explained why portions of the stipulation to dismiss that do not refer to information identifying plaintiff should be filed under seal. The court has not been advised of any independent compelling reason justifying the sealing of the entire stipulation where redaction of information identifying plaintiff would appear to suffice. Therefore, defendants' request to file under seal a joint stipulation of dismissal in its entirety will be denied without prejudice. *See Napear v. Bonneville Int'l Corp.*, No. 2:21-cv-01956-DAD-SCR, 2024 WL 5202078, at *3–4 (E.D. Cal. Dec. 23, 2024) (denying the defendant's request to seal without prejudice to renewal based on an appropriate showing).

## CONCLUSION

For the reasons explained above, defendants' request to seal (Doc. No. 15) is DENIED, without prejudice to its renewal seeking a more narrowly tailored redaction of the parties' stipulation or based upon a showing that sealing of the entire stipulation is appropriate.

IT IS SO ORDERED.

Dated: **June 11, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE