UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENT DOE, | No. 2:25-cv-01103-DAD-AC |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' RENEWED REQUEST TO SEAL AND REDACT DOCUMENTS |
| KRISTI NOEM, et al., | |
| Defendants. | (Doc. No. 17) |

    This matter is before the court on defendants' renewed request to seal and redact documents. (Doc. No. 17.) In its request, defendants seek to file: "(1) a redacted copy of the parties' Stipulation re Re-Activation of SEVIS Record and Dismissal and Proposed Order (hereinafter "Stipulation") and (2) . . . an unredacted copy of the same under seal." (*Id.* at 1.) For the reasons below, the court will grant defendants' renewed request to seal and redact documents.

**LEGAL STANDARD**

    All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*,

447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[1]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions, such as a motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

2

1    "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when
2  such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to
3  gratify private spite, promote public scandal, circulate libelous statements, or release trade
4  secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the
5  production of records may lead to a litigant's embarrassment, incrimination, or exposure to
6  further litigation will not, without more, compel the court to seal its records."  *Id.*  Finally, "[t]he
7  'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were
8  previously filed under seal or protective order." *Id.* at 1178–79.

9                                              **DISCUSSION**

10   The renewed request to seal and redact at issue was filed in relation to a stipulation for
11  dismissal.  Stipulations for dismissal are dispositive and therefore requests to seal such
12  stipulations are governed by the "compelling reasons" standard.  *See Robinson v. Universal*
13  *Health Servs.*, No. 2:19-cv-01530-RFB-BNW, 2023 WL 1767750, at *1 (D. Nev. Jan. 12, 2023)
14  (treating a stipulation to dismiss as a dispositive motion and applying the compelling reasons
15  standard to a request to seal that stipulation) (citing *Ctr. for Auto Safety*, 809 F.3d at 1099); *Clark*
16  *v. InComm Fin. Servs.*, No. 22-cv-01839-JGB-SHK, 2024 WL 4744041, at *2 (C.D. Cal. Sept.
17  13, 2024) (applying compelling reasons standard to request to seal dismissal stipulations).

18   Defendants represent that there exist compelling reasons to seal the stipulation at issue
19  because it contains information identifying plaintiff.  (Doc. No. 17 at 1.)  The court previously
20  determined that there exists "compelling reasons to require filing under seal of any information
21  identifying plaintiff."  (Doc. No. 13 at 6.)  The court denied defendants' original request to seal
22  because defendants had failed to show that those compelling reasons justified "sealing of the
23  entire stipulation." (Doc. No. 16 at 4.)  Defendants now request authorization to publicly file a
24  version of the stipulation redacting plaintiff's identifying information and file an unredacted
25  version under seal.  (Doc. No. 17 at 1.)  The court finds that this proposal is narrowly tailored to
26  only seal the confidential information at issue.  *Fate Therapeutics, Inc. v. Shoreline Biosciences,*
27  *Inc.*, No. 22-cv-00676-H-MSB, 2023 WL 6376095, at *1 (S.D. Cal. Feb. 16, 2023).  Therefore,
28  the court will grant defendants' renewed request to seal and redact documents.

**CONCLUSION**

For the reasons explained above,

1. Defendants' renewed request to seal and redact (Doc. No. 17) is GRANTED;

2. Within seven (7) days of the entry of this order, parties shall file redacted versions of the document identified in this order pursuant to Local Rule 140; and,

3. Within seven (7) days of the entry of this order, parties shall file unredacted versions of the document identified in this order under seal.

IT IS SO ORDERED.

Dated:   **June 13, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE