UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENT DOE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KRISTI NOEM, et al.,<br><br>　　　　　Defendants. | No. 2:25-cv-01103-DAD-AC<br><br>ORDER GRANTING PARTIES' STIPULATION TO DISMISS ACTION<br><br>(Doc. Nos. 14, 19, 20) |

　　　　On June 17, 2025, the parties filed a stipulation to voluntarily dismiss this action. (Doc. Nos. 19, 20.) The parties also stipulated to the following:

　　　　1.　　The Student and Exchange Visitor Information System ("SEVIS") record for plaintiff has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE");

　　　　2.　　The reactivation of plaintiff's SEVIS record shall be considered retroactive to the date of its initial termination, such that there is no gap or lapse in plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen;

/////

1

3. To the extent plaintiff is participating in Optional Practical Training ("OPT"), or Science, Technology, Engineering and Math ("STEM") OPT, or Curricular Practical Training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT has been reset to the end date set forth in plaintiff's SEVIS record before its termination;

4. ICE will not re-terminate plaintiff's SEVIS record based on the National Crime and Information Center ("NCIC") record that led to the initial termination or on any related prudential visa revocation that is effective upon departure (as set forth in Paragraph 5). However, ICE maintains the authority to terminate a SEVIS record in the future for reasons permitted by statute and regulations, including 8 C.F.R. §§ 214.1(d) – (g); and the student's engaging in other unlawful activity that would render him removable from the United States under the Immigration and Nationality Act ("INA");

5. The parties agree that a visa revocation that is effective upon departure, rather than a visa revocation with immediate effect, does not establish removability under INA § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)], and therefore is not a basis for termination of the SEVIS record;

6. DHS has confirmed with the Department of State that the April 2025 revocation of plaintiff's F-1 visa, with an expiration date of May 17, 2025, is effective upon plaintiff's departure from the United States, and does not have immediate effect. Accordingly, the April 2025 revocation of plaintiff's visa is not a basis for removability under INA § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)];

7. The termination and reactivation of a plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS

/////

will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures;

8. The Department of Homeland Security will provide official correspondence addressed to plaintiff that refers specifically to his SEVIS ID number that states that the reactivation of the SEVIS was retroactive to the date of termination. Although the notation will not be viewable by end-users outside of SEVP, such as Designated School Officials, due to technical limitations of the SEVIS system, this notation is part of the official record. The SEVP termination of plaintiff's SEVIS designation that occurred between March 25, 2025, and April 11, 2025, will not be used as a basis for denial of future immigration benefits or a determination that plaintiff did not maintain his nonimmigrant status during that period;

9. To the extent USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of plaintiff's SEVIS record, counsel for defendants agrees to cooperate with plaintiff's counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of plaintiff's benefits request;

10. Defendants shall communicate this Stipulation to the Department of State;

11. The parties stipulate that, if either party believes that there has been a violation of this agreement, the court retains jurisdiction to determine whether there has been a violation and, if so, to order the offending party to abide by the terms of this agreement;

12. Each party to bear its own fees and costs.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the parties' stipulation, and good cause appearing, it is hereby ordered that:

1. The parties' stipulation (Doc. Nos. 19, 20) is GRANTED;
2. The court shall retain jurisdiction to enforce the terms of the parties' stipulation;
3. This action is DISMISSED with prejudice;
4. Plaintiff's motion for preliminary injunction (Doc. No. 14) is DENIED as moot;

3

5. All pending deadlines and hearing dates in this action are VACATED;

6. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED. Dated:

**June 18, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE